UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DION K. HUMPHREY, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C05-1866-JCC-JPD |
| ) | |
| v. ) | |
| ) | |
| DOUG WADDINGTON, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION FOR RECONSIDERATION |
| Respondent. ) | |
| _____) | |

Petitioner Dion Humphrey is a Washington state prisoner who is currently serving a 62-month sentence for second degree assault, possession of cocaine, and attempting to elude a police car. *See State v. Humphrey*, 124 Wash. App. 1005, Unpublished Opinion, 2004 WL 2526545 (Wash. Ct. App. 2004). Petitioner has filed a petition for a writ of habeas corpus, to which respondent has yet to file an answer. Currently before the court is petitioner's motion for reconsideration of an Order denying petitioner leave to conduct discovery in this case. Based upon a review of petitioner's motion for reconsideration, and the balance of the record, the court hereby finds and ORDERS as follows:

(1) On March 9, 2006, petitioner filed a motion for discovery (Doc. #26) and on March 20, 2006, the court denied the motion. (Doc. #29). Petitioner had sought the court's permission to depose five witnesses whose testimony he claimed would have helped show that his trial counsel was ineffective. Petitioner is entitled to conduct discovery in this habeas proceeding only if he is able to show "good cause." *See* Rule 6(a), Rules Governing Section

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
PAGE 1

2254 Cases in the United States District Courts. The court denied petitioner's motion because it concluded that petitioner had failed to show good cause, by not indicating how the witnesses' testimony would support his claim or what he expected the witnesses to say. (Doc. #29 at 2).

On March 30, 2006, petitioner filed a motion for reconsideration of the court's denial of his motion for discovery. (Doc. #32). Petitioner's motion for reconsideration does not present any new argument or facts to support his request for discovery. Rather, petitioner refers to his original motion for discovery and states that the motion did explain how each witness could support his claim that counsel was ineffective. As he puts it: "The deposing of witnesses would provide petitioners [sic] material mental state prior to and at the time of his arrival from Alaska to Seattle for grandfather's funeral." (Doc. #32 at 2).

While petitioner does not articulate the importance of his mental state, the court presumes that petitioner wishes to show that trial counsel failed to investigate and obtain evidence that petitioner lacked the requisite mental capacity to commit the offenses he was charged with. However, even with the court supplying this reason for the requested discovery, petitioner still fails to show "good cause." First, of the five witnesses that petitioner lists, only one appears to be competent to offer an expert opinion on such matters – a psychologist named Robert Saari. (Doc. #26 at 1). Second, assuming that Dr. Saari is competent to offer an opinion as to petitioner's mental state, petitioner does not describe in any detail the content of Dr. Saari's proposed testimony. In other words, petitioner does not demonstrate how Dr. Saari could have helped establish petitioner's defense of diminished capacity. In this regard, the court notes that Dr. Saari was appointed to evaluate petitioner before his sentencing in state court and apparently found nothing to support such a defense. *See State v. Humphrey*, 2004 WL 2526545 at *3.

Accordingly, petitioner's motion for reconsideration fails to show good cause sufficient to permit him to depose these witnesses, and the motion (Doc. #32) is DENIED. As stated in the previous Order denying discovery, the court reiterates that this ruling in no way precludes petitioner from asking the witnesses to voluntarily provide sworn statements to the court to

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
PAGE 2

1  support his claim.

2  (2)  The Clerk shall send a copy of this Order to petitioner, to counsel for respondent,

3  and to the Honorable John C. Coughenour.

4  DATED this 12th day of April, 2006.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
PAGE 3