UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DION K. HUMPHREY,

    Plaintiff,

  v.

DOUG WADDINGTON,

    Defendant.

CASE NO. C05-1866-JCC

ORDER

    This matter comes before the Court on Petitioner Dion K. Humphrey's petition and amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. Nos. 8, 21), the Report and Recommendation of United States Magistrate Judge James P. Donohue ("R&R") (Dkt. No. 53), and Petitioner's Objections to the R&R (Dkt. No. 54). Having reviewed the materials submitted by the parties and the complete record, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

I.    BACKGROUND

    Petitioner Dion K. Humphrey served 62 months in prison following a 2003 conviction for second degree assault, possession of cocaine, and attempting to elude a police vehicle. He appealed to the Washington Court of Appeals, and also filed a personal restraint petition ("PRP"). The Court of Appeals

ORDER – 1

consolidated the PRP with the appeal and denied both. (Record (Dkt. No. 39) Ex. 3.) The Court of Appeals later modified its opinion slightly. (*Id*. Ex. 10.) On November 1, 2005, the Supreme Court of Washington denied review. (*Id*. Ex. 12.) Petitioner later filed three other petitions which were construed as PRPs by the state court and denied. (*Id*. Exs. 14, 24, 27.)

Prior to his release from prison, on November 10, 2005, Petitioner filed the instant *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner later amended his petition (Dkt. No. 21) and filed a motion for discovery to depose five individuals (Dkt. No. 26) . Respondent filed his Answer to which Petitioner replied (Dkt. Nos. 36, 41). Petitioner later filed a second motion to conduct discovery in the form of seeking a subpoena to depose the passenger in his car at the time of arrest. (Dkt. No. 46.)

On July 31, 2006, Judge Donohue issued his R&R, which considered the habeas petition as well as the discovery motions. Petitioner filed Objections. Respondent has responded to the Objections (Dkt. No. 55) and the Court now examines the complete record.

## II. STANDARD OF REVIEW

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). A state court decision is contrary to Supreme Court precedent if the state court (1) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronted facts that are materially indistinguishable from relevant Supreme Court precedent but arrived at an opposite conclusion. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). This Court may not issue a writ

ORDER – 2

simply because it concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (citing *Williams*, 529 U.S. at 411).

## III. ANALYSIS

Petitioner's Objections to the R&R are a reiteration of the claims asserted in his habeas petition. They contain no new support to his claim that the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law. As such, Petitioner's Objections to the R&R, his habeas corpus petition, and discovery motions are denied for the following reasons.

### A. *Ineffective Assistance of Counsel Claim*

In his first ground for relief raised in his Objections to the R&R, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel for his defense. Petitioner's Objections renew his complaint that the trial judge's refusal to grant substitution of defense counsel after the trial had begun produced a situation in which Petitioner was precluded from receiving effective assistance at trial. (Am. Pet.; Obj.) The Objections also reassert Petitioner's claim that his trial counsel provided ineffective assistance in three areas: (1) by failing to investigate and present a defense of diminished capacity; (2) by failing to request a jury instruction on the definition of "willfully"; and (3) by failing to object to certain comments made by the prosecutor in closing argument. (Pet.; Obj.)

A petitioner cannot prevail on an ineffective assistance claim unless he satisfies both prongs of the inquiry announced in *Strickland v. Washington*, 466 U.S. 668, 687–90 (1984). First, a petitioner must establish that counsel's performance was so deficient that it fell below an "objective standard of reasonableness" under "prevailing professional norms." In addition, he must demonstrate that such performance so prejudiced his trial that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In his Objections, Petitioner renewed each of his three bases for his ineffective assistance claim. The Court considers each basis individually.

ORDER – 3

        *1.   Counsel's alleged failure to investigate and present diminished capacity defense*

Petitioner argues that his retained counsel failed to investigate and present a diminished capacity defense on his behalf. These renewed assertions do not address the Court of Appeals' recognition that under Washington law a diminished capacity defense is incompatible with Petitioner's sworn testimony and overall defense that he did not commit the acts for which he was charged.

Under prevailing professional norms, a decision by counsel to forgo this defense assuredly falls within the objective standard of reasonable practice. In addition, Petitioner's Objections fail to show that any prejudice resulted from his retained counsel's allegedly deficient performance at trial. As Judge Donohue noted in the R&R, "the record does not reveal any evidence that a diminished capacity defense would have been viable had counsel sought to present it." (R&R 6.) Because Petitioner's Objections establish neither requirement under *Strickland*, the decision rejecting the claim by the Washington Court of Appeals is not objectively unreasonable.

        *2.   Counsel's alleged failure to request a jury instruction on the definition of "willfully"*

Next, Petitioner reiterates in his Objections his claim that defense counsel failed to provide effective assistance by not requesting WIPC §10.05, an instruction that defines the term "willfully." Petitioner contends that jurors should have been instructed that "[a] person acts willfully when he or she acts knowingly." Under Washington law, knowledge requires a less culpable mental state than intent. Wash. Rev. Code § 9A.08.020.

A court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Edwards v. Lamarque*, 439 F.3d 504, 511 (9th Cir. 2005). It is plausible that counsel determined that such an instruction would have weakened Petitioner's case because it "actually could have lowered the threshold level of volition required to support the charge of eluding police officers." (R. Ex. 3.) In his Objections to the R&R, Petitioner introduces no new support for his claim that defense counsel acted in a manner contrary to prevailing professional norms that would satisfy

ORDER – 4

both the deficient performance and prejudice requirements of an ineffective assistance claim under *Strickland*. As such, the state court decision rejecting this claim is not objectively unreasonable.

### 3. *Counsel's alleged failure to object to comments made by the prosecutor*

In his Objections, Petitioner lastly claims that he was denied effective assistance because his trial counsel did not object to certain comments made by the prosecutor during the State's closing argument. Petitioner's Objections to the R&R on this issue merely restate his prior arguments, which declare that his attorney violated his Sixth Amendment right to effective counsel when he failed to object to the prosecutor's reference to two terrorist attacks against the United States. Petitioner also uses the prosecutor's comments to form the basis of his prosecutorial misconduct claim discussed *infra*.

A claim of ineffectiveness based upon counsel's failure to object must demonstrate that the objection probably would have produced a different result at trial. *Landry v. Lynaugh*, 844 F.2d 1117, 1120 (5th Cir. 1988); *see also Strickland*, 466 U.S. at 690. Given the overwhelming weight of the evidence against Petitioner, this claim fails to establish the prejudice requirement of *Strickland* because it is probable that the jury would have returned an identical verdict absent these statements. Moreover, a court must give defense counsel wide latitude in making tactical decisions. *Strickland*, 466 U.S. at 689. Only in instances of failure to object to egregious statements about testimony central to the prosecution's case will failure to object establish that counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms. *See Strickland*, 466 U.S. at 694.

Here, as noted in both the R&R and Court of Appeals' opinion, the prosecutor did not directly compare Petitioner to convicted bomber Timothy McVeigh, but rather employed the analogy to help illustrate the concept of transferred intent; a choice that falls within the wide latitude afforded the prosecution in closing argument. (R. Ex. 3; R&R.) This Court concludes that while the prosecutor's comments might have been inappropriate, they were not so flagrant or ill-intentioned that Petitioner's right to effective assistance of counsel was violated.

Having determined that none of the three bases for Petitioner's ineffective assistance of counsel

ORDER – 5

claim has merit, the Court denies relief on this claim.

### B. *Prosecutorial Misconduct Claim*

Petitioner's next ground for relief involves a claim of prosecutorial misconduct related to the comments made during the prosecution's closing statement discussed *supra*. In his habeas petition and Objections to the R&R, Petitioner claims that these statements deprived him of his due process rights because his trial was not conducted fairly. (Pet; Obj.)

When a court considers a misconduct claim, "it 'is not enough that the prosecutors' remarks were undesirable or even universally condemned.' The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983); *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). Improper remarks by a prosecutor must be examined in the context of the trial to determine whether they could have impacted the jury's ability to consider the case fairly. *United States v. Young*, 470 U.S. 1, 11–12 (1985). A petitioner carries a substantial burden to demonstrate that it was highly probable that a prosecutor's closing statement had a "substantial and injurious effect" on the ultimate jury verdict. *Kotteakos v. United States*, 328 U.S. 750, 776 (1946).

In both his habeas petition and Objections to the R&R, Petitioner failed to establish that the prosecutor's comments regarding terrorism against the United States imposed a substantial and injurious effect on the jury's deliberations. Such comments could not have made a difference in the trial due to the overwhelming amount of evidence against Petitioner. Because he cannot demonstrate prejudice, the Court of Appeals' denial of Petitioner's prosecutorial misconduct claim was not an objectively unreasonable application of federal law. As such, this claim is denied.

### C. *Abuse of Discretion Claim*

Subsequent to the filing of his original habeas petition, Petitioner filed an amendment to his ineffective assistance claim in which he apparently charges the trial court with abuse of discretion when it

ORDER – 6

declined to appoint new counsel during trial, immediately prior to opening arguments.  (Am. Pet.)  Neither Respondent's Answer nor the R&R discussed the Amended Petition.

"Where the request for change of counsel comes during the trial, or on the eve of trial, the Court may, in the exercise of its sound discretion, refuse to delay the trial to obtain new counsel and therefore may reject the request." *United States v. Williams*, 594 F.2d 1258, 1260–61 (9th Cir. 1979).  As long as a defendant is afforded the chance to state his reasons for a request for new counsel, denial of that motion amounts to abuse of discretion only if there exists a "demonstrable conflict of interest or if counsel and defendant are so at odds to prevent presentation of an adequate defense." *United States v. Hillsberg*, 812 F.2d 328, 333 (7th Cir. 1987) (citing *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983)).

This Court has considered Petitioner's claim and Objections to the R&R and agrees with the Court of Appeals' determination that the trial court did not abuse its discretion by denying Petitioner's motion.  (R. Ex. 3.)  Moreover, the Court of Appeals found that "at trial, counsel presented a competent opening argument, cross-examination of witnesses, direct examination of the defendant, and closing statement." (*Id*. at 10.)  There is no evidence to support an assertion of a conflict of interest, irreconcilable difference, or a complete breakdown in communication between counsel and Petitioner.  Thus, the trial court's ruling was a proper exercise of discretion.  Moreover, because Petitioner failed to demonstrate in this habeas action that his counsel was ineffective, the trial court's failure to remove counsel was harmless error at best.

   D.   *Confrontation Clause Claim*

Petitioner's final claim is that his right to confront witnesses against him and his right to present witnesses in his own defense were violated at trial.  Petitioner's ground for relief is, as Judge Donohue noted, "a hodge-podge of claims based upon the right to effective assistance of counsel and the right to confront witnesses, both guaranteed by the Sixth Amendment." (R&R 9.)  In his petition, he appears to seek an evidentiary hearing to establish that his constitutional rights were violated in state court because he was not afforded the chance to confront five selected witnesses at trial.  Petitioner reasserts his desire

ORDER – 7

to confront these witnesses through deposition in a subsequently filed document that the Court construes as a discovery motion. (Dkt. No. 26.) Petitioner's Objections to the R&R focus this list to two witnesses: Kenny Smith[1] and Dr. Robert Saari.

As Respondent noted, "state court findings are presumptively correct in federal habeas proceedings, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence." (Ans. 5.) An evidentiary hearing is appropriate only if "(A) the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A)(ii)–(B). The second requirement of this standard forecloses Petitioner's Confrontation Clause argument because, as the R&R explains, Petitioner fails to offer clear and convincing evidence that testimony by his emergency room physician, his employer in Alaska, a representative from the Social Security Administration, Dr. Robert Saari, or Kenny Smith would have resulted in a different verdict. The absence of these individuals' testimony in the state court proceedings cannot support a finding of an objectively unreasonable application of federal law. Accordingly, Petitioner's Confrontation Clause claim and his motion to depose the selected witnesses is denied.

E.   *Motion for Discovery to Subpoena the Statement of Kenny Smith*

With respect to the testimony of Mr. Smith, a passenger in Petitioner's car on the night of the arrest, Petitioner asserts that Smith provided a statement to the police which was "used for the purpose of the police investigation being testimonial evidence [*sic*] towards [Petitioner] by the state prosecutor." (Pet. 26.) Petitioner filed a second motion for discovery seeking a subpoena to obtain this statement

---

[1] Petitioner refers to Mr. Smith as "Kenny Smith" in his habeas petition but later names him as "Fred Smith" in his second motion to conduct discovery. For the sake of simplicity, the Court will refer to the witness as "Kenny Smith."

ORDER – 8

from the King County Prosecuting Attorney's Office because he believes that it would assist him in his Confrontation Clause claim. (Dkt. No. 46.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In a habeas proceeding, "[a] party shall be entitled to invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of his discretion and for *good cause* shown grants leave to do so, but not otherwise." FED. R. GOVERNING § 2254 CASES R. 6(a) (emphasis added). Here, the record does not show that Smith or his statement were used against petitioner at trial. In addition, Petitioner has offered no evidence in his Objections to support a finding that Smith would have corroborated Petitioner's assertion that Smith grabbed the steering wheel of the car, directing it toward the police officers, or that such evidence would have produced a different verdict. Consequently, Petitioner's second motion for discovery is denied.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation and DENIES the habeas petition as well as Petitioner's discovery motions. The Clerk is DIRECTED to send copies of this Order to Petitioner, Respondent, and Magistrate Judge Donohue.

SO ORDERED this 9th day of November, 2006.

*[signature]*
John C. Coughenour
United States District Judge

ORDER – 9